NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALBERT HAYES, | No. 17-16653 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-01235-AWI-MJS |
| v. | |
| M. VOONG, Acting Chief Inmate Appeal Officer; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted January 16, 2018**

Before:     REINHARDT, TROTT, and HURWITZ, Circuit Judges.

California state prisoner Albert Hayes appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional and

statutory claims in connection with the processing of his administrative grievances.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

failure to state a claim under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Hayes' Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") claims against defendants in their individual capacities because Title II of the ADA and Section 504 of the RA do not authorize claims against State officials in their individual capacities. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) (holding that "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act").

The district court properly dismissed Hayes' ADA and RA claims against defendants in their official capacities because Hayes failed to identify in his Third Amended Complaint a policy or custom of the State that allegedly violated federal law. *See Hafer v. Melo,* 502 U.S. 21, 25 (1991) ("Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Hayes leave to file a Fourth Amended Complaint because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011)

17-16653

(setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Hayes' motions for appointment of counsel because Hayes failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirements for appointment of counsel).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

17-16653